# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## FORT WAYNE DIVISION

| | | |
|---|---|---|
| ANDREW RIDLEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 1:12-CV-430 |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

## **OPINION AND ORDER**

This matter is before the Court on a Petition under 28 U.S.C. Paragraph 2254 for Writ of Habeas Corpus by a person in State Custody, filed by Andrew Ridley, a *pro se* prisoner, on January 2, 2013 (DE #4). For the reasons set forth below, the petition (DE #4) is **DISMISSED WITHOUT PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

BACKGROUND

According to the petition, Ridley pled guilty on January 20, 2012, to felony strangulation and misdemeanor battery in Allen County Superior Court, and was sentenced to two years in prison. (DE #4 at 1.) He did not pursue a direct appeal. (*Id.*) He was released on probation sometime thereafter, but his probation was revoked on November 26, 2012, and he was ordered to serve additional time in prison. (*Id.* at 1, 3.) In December 2012, Ridley filed a federal petition, in which he claims that his

probation was improperly revoked, that the judge had a conflict of interest, and that the sentence imposed on the probation revocation charge was excessive.[1] (*Id.* at 3-4.) He acknowledges that he has not yet presented any of these claims to the Indiana Supreme Court. (*Id.*)

DISCUSSION

Ridley's petition is governed by the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA allows a district court to issue a writ of habeas corpus on behalf of a person in custody pursuant to a state court judgment "only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before considering the merits of a habeas petition, however, the Court must ensure that the petitioner has exhausted all available remedies in the state courts. 28 U.S.C. § 2254(b)(1)(A); *Lewis v. Sternes*, 390 F.3d 1019, 1025 (7th Cir. 2004). As the Seventh Circuit has explained:

> Inherent in the habeas petitioner's obligation to exhaust his state court remedies before seeking relief in habeas

---

[1] The present petition represents Ridley's second attempt to articulate his claims. (*See* DE # 1, 3.) He does not rely on federal authority in connection with any claim, and the legal bases of his claims remains somewhat unclear. However, the Court presumes for purposes of this opinion that he could assert some cognizable federal claim in connection with the facts alleged.

> corpus, see 28 U.S.C. § 2254(b)(1)(A), is the duty to fairly present his federal claims to the state courts. Only if the state courts have had the first opportunity to hear the claim sought to be vindicated in the federal habeas proceeding does it make sense to speak of the exhaustion of state remedies. Fair presentment in turn requires the petitioner to assert his federal claim through one complete round of state-court review, either on direct appeal of his conviction or in post-conviction proceedings. This means that the petitioner must raise the issue at each and every level in the state court system, including levels at which review is discretionary rather than mandatory.

*Lewis*, 390 F.3d at 1025-26 (internal citations and quote marks omitted). Here, it is apparent from the petition that Ridley has not yet presented his claims in one complete round of state review. Until he does so, he cannot obtain federal habeas relief. *Lewis*, 390 F.3d at 1026.

The Court has discretion to stay rather than dismiss a petition containing unexhausted claims when a dismissal "would effectively end any chance at federal habeas review." *Dolis v. Chambers*, 454 F.3d 721, 725 (7th Cir. 2006). The Court should consider whether a stay is appropriate even in the absence of a specific request from the petitioner. *Tucker v. Kingston*, 538 F.3d 732, 735 (7th Cir. 2008).

Here, the probation revocation proceeding Ridley is challenging occurred less than three months ago; he would have one year to pursue federal habeas relief, and the deadline will be tolled while he pursues post-conviction relief in state court. *See* 28 U.S.C. § 2244(d)(1),(2). If he acts diligently, he should have

3

no difficulty returning to federal court once his claims have been exhausted.[2] Therefore, the petition will be dismissed, but the dismissal will be without prejudice to his right to pursue federal habeas relief once he exhausts all available state court remedies.

CONCLUSION

For the reasons set forth above, the petition (DE #4) is **DISMISSED WITHOUT PREJUDICE** pursuant to RULE 4 OF THE RULES GOVERNING SECTION 2254 CASES.

**DATED: February 5, 2013**          /s/ RUDY LOZANO, Judge
                                     United States District Court

---

[2] As stated, the petition is not a model of clarity, but it appears Ridley may also be seeking to challenge his underlying conviction on grounds of sufficiency of the evidence. (*See* DE # 4 at 3.) The deadline for doing so would be one year from the date his conviction became final. 28 U.S.C. § 2244(d)(1). Regardless of how close he may be to that deadline, there is no basis for a stay, because such a claim is plainly meritless in light of the fact that he pled guilty to the underlying charges. *See Tucker*, 538 F.3d at 735 (stay not appropriate when claim is meritless); *United States v. Lacey*, 569 F.3d 319, 323 (7th Cir. 2009) (unless defendant moved to set aside guilty plea on valid ground, he could not be heard to challenge sufficiency of the evidence); *United States v. Woolley*, 123 F.3d 627, 632 (7th Cir. 1997) (observing that "a guilty plea is an admission of all the elements of the crime").

4